IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
August 13, 2002 Session

## STATE OF TENNESSEE v. RICKY BRANDON and JIMMY W. BRANDON

**Appeal from the Circuit Court for Coffee County**
**No. 30,611     L. Craig Johnson, Judge**

---

### No. M2002-00073-CCA-R3-CD - Filed October 15, 2002

---

The Appellants, Ricky Brandon and Jimmy W. Brandon, were convicted by a Coffee County jury of misdemeanor assault. In this direct appeal of their convictions, the Appellants argue that they received ineffective assistance of counsel at trial and, as such, their convictions should be vacated. After review, we find no error and affirm the judgment.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOE G. RILEY and NORMA MCGEE OGLE, JJ., joined.

Robert L. Huskey, Manchester, Tennessee, for the Appellants, Ricky Brandon and Jimmy Brandon.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Kim R. Helper, Assistant Attorney General; C. Michael Layne, District Attorney General; and Doug Aaron, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

The Appellants' convictions stem from an altercation on April 5, 2000, with their neighbor, Fred Nash. The Appellants, who are brothers, were initially indicted for aggravated assault, along with their sister, Darlene Brandon, who was charged with simple assault. Following a jury trial, the Appellants were found guilty of the lesser offense of assault, and Darlene was acquitted of all charges. Ill-will between Nash and the Appellants was apparently firmly entrenched. This latest incident followed an episode where a drunken Jimmy Brandon struck Nash in the eye and Nash reciprocated by breaking a glass over Brandon's head. On April 5th, the victim, Nash, and his wife drove from their driveway past the Appellants, who were working on Ricky's truck. According to Ricky Brandon, as the victim drove by him, "gravels was spraying all over my truck." In response,

Ricky Brandon "flipped the bird" at the victim. Nash stopped his truck, grabbed a can of mace and walked back toward the Appellant, Ricky Brandon. From this point forward, there are material conflicts in the testimony of the prosecution and defense witnesses.

In the light most favorable to the State, the proof established that Ricky Brandon rushed toward the victim, hitting him in the face. The Appellant, Jimmy Brandon, joined in the fray, helping his brother "beat the soup" out of the victim. As a result of the beating, the victim lost two teeth and received multiple facial abrasions and contusions, resulting in two hospitalizations.

At trial, the Appellant, Ricky Brandon, admitted to striking the victim; however, he argued that his conduct was justified upon grounds of self-defense. The Appellant, Jimmy Brandon, presented an alibi defense, which included five witnesses who testified that he was not present when the assault occurred.[1] Coffee County Deputy Sheriff Danny Ferrell testified that he responded to the scene and took statements from those present. He also admitted taking possession of the mace can used in the altercation. Ferrell further testified that the can and one statement were subsequently lost, when a department sergeant left the force.

## Analysis

The Appellants' sole ground within their motion for new trial raises the issue of ineffective assistance of counsel at trial. We have repeatedly held that,

> [T]he practice of raising ineffective assistance of counsel claims on direct appeal is 'fraught with peril' since it 'is virtually impossible to demonstrate prejudice as required' without an evidentiary hearing. *See Kirby George Wallace v. State*, No. 01C01-9308-CC-00275 (Tenn. Crim. App. at Nashville, Sept. 15, 1994). Instead, 'ineffective assistance of counsel claims should normally be raised by petition for post-conviction relief.' *State v. Derenzy Turner and Vernon West*, No. 02C01-9512-CR-00390 (Tenn. Crim. App. at Jackson, July 11, 1997) *perm. to appeal denied*, (Tenn.1998).

*State v. Bobby Vincent Blackmon*, No. M2000-03149-CCA-R3-CD (Tenn. Crim. App. at Nashville, Nov. 16, 2001).

The insertion of an ineffective assistance claim within a motion for new trial essentially transforms the hearing on the motion into a post-conviction proceeding. *State v. Kathy Jane Giles*, No. W2001-01468-CCA-R3-CD (Tenn. Crim. App. at Jackson, Apr. 2, 2002). In a post-conviction proceeding, the Appellant bears the burden of establishing his claims by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). To prevail on appeal, the Appellant is required to demonstrate both that counsel's performance was deficient and that prejudice resulted from the

---

[1]These witnesses included both the Appellants, their sister Darlene, Darlene's boyfriend, and Angel Brandon's boyfriend.

deficiency. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). The reviewing court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the Appellant as a result of the alleged deficiency. *Id*. at 697.

When reviewing a claim of ineffective assistance, the court must decide whether counsel's representation fell below the range of competence demanded by attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact; thus, our review of the case is *de novo*. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999).

With regard to their respective claims, the Appellants argue:

1. Was Defendant, Jimmy Brandon, denied effective assistance of counsel by counsel failing to present to the jury his employer whose testimony would be an alibi for the Defendant and show that he was not present at the scene of the crime and for failing to subpoena Richard Spencer who was present and could verify Jimmy Brandon's absence?

2. Was Ricky Brandon denied effective assistance of counsel when his attorney, despite his request, failed to submit into evidence the mace can that proved self-defense and the evidence of the statements taken at the scene which would bring into question the credibility of the alleged victim?

At the motion for new trial, the Appellants called no witnesses to support either of their claims. Instead, they each submitted affidavits, with the Appellants as the affiants, essentially setting forth facts supporting their ineffective assistance of counsel claims. The affidavit of the Appellant, Jimmy Brandon, in sum, asserts that "he was not at the scene of the incident of the alleged assault" of the victim and that he requested that his attorney subpoena his employer and Richard Spencer as alibi witnesses at his trial. The Appellant, Ricky Brandon, asserts that he requested his attorney obtain statements prepared by the investigating deputy sheriff and the mace can for production at trial, which was not done.

First, we are constrained to note the following established principles relating to the admissibility of affidavits as evidence:

An affidavit is ordinarily not admissible to prove facts in issue at an evidentiary hearing, because it is not subject to cross examination and would improperly shift the burden of proof to the adverse party. . . . Affidavits are generally not competent evidence unless provided by statute. . . . As a general rule, a party is not permitted to create an issue of fact by submitting a[n] affidavit whose conclusions contradict a prior deposition or other sworn testimony.

3 AM. JUR. 2d Affidavits § 19 (2002). Moreover, affidavits are incapable of credibility assessment, which is oftentimes pivotal in determining ineffective assistance of counsel claims.

It is a well-established principle that relief under the prejudice prong is contingent upon the Appellant producing material witnesses at the post-conviction hearing who would have testified favorably in support of his defense if called at trial. *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990) (emphasis added). Failure to present such witnesses precludes satisfaction of the *Strickland* standard. *Id.* at 758.

In the case before us, the only proof presented at the motion for new trial hearing was the affidavits of the Appellants, which themselves contained no new information. We find these facts insufficient and the use of the affidavits inappropriate in establishing the Appellants' burden of proof by clear and convincing evidence. The trial court's denial of post-conviction relief is affirmed.

_____
DAVID G. HAYES, JUDGE